IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DRAKE L. BANKS, SR.,<br><br>　　　　　　Defendant. | 4:19-CR-3116<br><br>MEMORANDUM AND ORDER |

　　　　This matter is before the Court on the defendant's objection (filing 86) to the Magistrate Judge's findings and recommendation (filing 83) recommending that the defendant's motion to suppress (filing 53) be denied. The only issue raised by the objection is whether there was evidence to support the traffic stop of the vehicle in which the defendant was a passenger. Finding such evidence, the Court will overrule the defendant's objection.

　　　　Under the Fourth Amendment, a traffic stop is reasonable if it's supported by either probable cause or an articulable and reasonable suspicion that a traffic violation has occurred. *United States v. Green*, 946 F.3d 433, 438 (8th Cir. 2019). Reasonable suspicion is just a particularized and objective basis for suspecting the particular person stopped of breaking the law, *United States v. McLemore*, 887 F.3d 861, 864 (8th Cir. 2018), and even a minor traffic violation provides probable cause for a traffic stop, *Green*, 946 F.3d at 438.

　　　　In the context of a traffic stop, the government bears the burden of establishing that probable cause existed. *United States v. $45,000.00*, 749 F.3d 709, 716 (8th Cir. 2014). But a traffic stop comports with the Constitution when the officer reasonably believes that the vehicle has committed a traffic infraction, even if the vehicle did not actually commit such an infraction.

*United States v. Miller*, 915 F.3d 1207, 1209 (8th Cir. 2019). And if an officer has reasonable suspicion or probable cause to stop for a traffic violation, any ulterior motive on the officer's part is irrelevant. *McLemore*, 887 F.3d at 864.

The underlying facts of this traffic stop are summarized in the Magistrate Judge's findings and recommendation. Filing 83 at 1-2. As pertinent, the arresting officer testified that he saw the vehicle following too closely and making an improper lane change. Filing 88 at 15-17. The defendant claims that the officer's testimony is both incredible and legally insufficient. Filing 87 at 2-3. The Court disagrees.

To begin with, the officer testified that as he approached the vehicle, the vehicle changed lanes and cut off the tractor-trailer that it was passing. Filing 88 at 17. This, the officer opined, did not provide an adequate following distance for the tractor-trailer. Filing 88 at 17. And indeed, under Nebraska law, a driver isn't supposed to change lanes "until the driver has first ascertained that such movement can be made with safety." Neb. Rev. Stat. § 60-6,139(1).

The defendant doesn't deny the abrupt lane change—rather, he argues that it was nonetheless reasonable because the driver would have seen the officer's vehicle approaching rapidly from behind, and would have been required to yield the right-of-way. *See* Neb. Rev. Stat. § 60-6,151(1)(a). Perhaps so—although as the defendant acknowledges, there's no evidence that the officer was using his emergency lights or siren, and the duty to yield the right-of-way is triggered by "an authorized emergency vehicle which makes use of proper audible or visual signals." § 60-6,151(1). But that really doesn't matter, because the defendant directs the Court to no authority suggesting that the duty to yield the right-of-way to emergency vehicles privileges a driver to violate another rule of the road—particularly one intended to secure the safety

- 2 -

of other drivers. And that means it was objectively reasonable for the officer to believe that the driver had violated the Nebraska statute requiring a lane change to be safe, warranting a traffic stop. See United States v. Hastings, 685 F.3d 724, 727-28 (8th Cir. 2012).

The defendant also claims that the other alleged violation, following too closely, is suspect. Filing 87 at 2-3. He first notes that while both the officer and the Magistrate Judge applied a "three second" rule, the Nebraska statute itself doesn't contain an objective standard, instead providing generally that a driver "shall not follow another vehicle more closely than is reasonable and prudent, and such driver shall have due regard for the speed of such vehicles and the traffic upon and the condition of the roadway." Neb. Rev. Stat. § 60-6,140(1). But the officer timed the following distance of the vehicle at under a second, and the Eighth Circuit has previously explained that

> [w]hile the so-called "two-second rule" is not enshrined in Nebraska law, it is a widely-used rule of thumb that accounts for the speed of traffic in a more reliable way than does a distance-based heuristic. . . . We think that when one car trails another by less than two seconds, an officer will generally have probable cause to believe that the trailing car is closer than what is reasonable and prudent.

United States v. Andrews, 454 F.3d 919, 921-22 (8th Cir. 2006). Leaving aside the question of whether a distance of under three seconds warrants a stop, it's well-established that under two seconds does, and the vehicle here was timed at less than one.

But finally, the defendant also questions that observation. He points out that the violation itself isn't visible on the cruiser video, and asserts that "it is

- 3 -

inconceivable that [the officer] was able to reach speeds of up to 120 mph and continue to operate his vehicle safely while simultaneously using a stopwatch and lines and aberrations in the roadway to determine following distance of a vehicle hundreds of feet in front of him." Filing 87 at 3.

There is, however, no evidence to the contrary. And the issue is not whether the vehicle was *actually* following too closely—it is merely whether the officer had an objectively reasonable basis to believe it was. *See United States v. Fuehrer*, 844 F.3d 767, 772 (8th Cir. 2016). On that point, at least, the Court finds the officer's uncontradicted testimony to be credible.

Given those findings, the Court concludes that there was probable cause to initiate a traffic stop. Accordingly,

    IT IS ORDERED:

1. The defendant's objection (filing 86) is overruled.

2. The Magistrate Judge's findings and recommendation (filing 83) are adopted.

3. The defendant's motion to suppress (filing 53) is denied.

Dated this 8th day of October, 2020.

                                            BY THE COURT:

                                            John M. Gerrard
                                            Chief United States District Judge