IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3116 |
| vs. | |
| DRAKE L. BANKS, SR., | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Drake L. Banks, Sr.'s motion in limine (filing 51). Banks is charged with being a felon and unlawful user of a controlled substance in possession of a firearm under 18 U.S.C. § 922(g)(1) and (3). Banks now moves to preclude the government from using the following evidence to prove those charges under Fed. R. Evid. 401 and Fed. R. Evid. 403:

1. Any text messages that were exchanged that were not sent or received on or about September 19, 2019.
2. Any videos referencing drugs and/or firearms that were obtained that were not produced on or about September 19, 2019.
3. Video evidence and testimony regarding any alleged attempt by Mr. Banks to exit [Ofcr. Hudec's] squad car once he was seated in the back.

Filing 51 at 1.

## I. DISCUSSION

### 1. TEXT MESSAGES AND VIDEO EVIDENCE

Banks moves to exclude *any* text messages sent or received, and *any* videos produced on *any* date other than September 19, 2019. Filing 51 at 1. In particular, Banks argues that evidence of past drug use and possession of firearms is irrelevant under Rule 401 to prove that Banks was a drug user in possession of a firearm on September 19. Filing 52 at 3-4. And Banks argues such evidence could confuse the issues and mislead the jury and should be excluded under Rule 403. Filing 52 at 5. Banks' motion will be denied.

Section 922(g)(3) has no strict temporal element and therefore does not require the government to prove that a specific instance of drug use occurred simultaneously with a defendant's firearm possession. *United States v. Mack*, 343 F.3d 929, 935 (8th Cir. 2003); *United States v. McIntosh*, 23 F.3d 1454, 1458 (8th Cir. 1994). It is sufficient for the government to demonstrate use of a controlled substance "during the period of time" that the defendant possessed firearms, not that there was actual use at the time that the officers discovered the defendant in possession of firearms. *United States v. Rodriguez*, 711 F.3d 928, 937 (8th Cir. 2013). But evidence of past drug use does not remain indefinitely admissible for the purpose of showing user status under § 922(g)(3). *Mack*, 343 F.3d at 935. The Eighth Circuit has not drawn a bright line as to when evidence of past drug use becomes inadmissible, but it suggested that evidence of drug use from a month prior to a defendant's possession of a firearm was admissible. *Id.*

Banks attempts to rely on *Mack* to preclude evidence of drug use prior to the September 19, 2019 traffic stop that ultimately led to his arrest in this case. *See* filing 52 at 4. But Banks' assertion that evidence of drug use from

any time other than the day of his arrest is certainly a misreading of that case and Eighth Circuit law more broadly.

The Court is also unable to assess the relevance or prejudicial value of evidence that the defendant has not described in any detail and which the government has not yet produced. And the Court is unwilling to make a blanket ruling as requested by the defendant. There may be text messages and/or video evidence from a date other than September 19, 2019 that is relevant, and similarly there may be such evidence that is irrelevant. The same goes for text or video evidence that is unfairly prejudicial. But the Court will make those individual determinations at trial.

### 2. ATTEMPT TO ESCAPE

Banks also moves to exclude video evidence and testimony that on September 19 he attempted to escape from the patrol car after being detained. Filing 52 at 4. According to Banks the evidence is irrelevant and unfairly prejudicial. Filing 52 at 4-5. That motion will be denied.

It is well established that evidence of flight is admissible and has probative value as circumstantial evidence of consciousness of guilt. *United States v. Davis*, 867 F.3d 1021, 1030 (8th Cir. 2017). But such evidence might be only marginally probative as to the ultimate issue, so district courts must assess the possible probative value in each case, scrutinizing the facts and inquiring as to the degree of confidence with which four inferences can be drawn: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged. *United States v. Johnson*, 535 F.3d 892, 894 (8th Cir. 2008).

According to the defendant: "In the video obtained from Ofcr. Hudec's squad car, Macomber, with some assistance from Banks, succeeds in opening the partition between the front and rear of his squad car." Filing 52 at 5. The government takes a different view, suggesting that the following was captured by Officer Hudec's rear-facing dashcam:

> During [Hudec's] probable cause search, Banks and Macomber began talking about going to jail, and Macomber started hitting and kicking different areas of the car, in an attempt to exit the back of the cruiser. Their actions and demeanor noticeably changed as Hudec began looking in the trunk, where firearms were found. When Hudec began searching the luggage, Banks began to say, "no, oh shit, no, no, no, no!"
>
> . . .
>
> Macomber began to violently strike the cage area of the cruiser. The two then started reaching around the plexi glass in an attempt to open the front door or window.

Filing 66 at 19.

On these facts, the Court concludes that the cruiser video evidence and testimony regarding the attempted flight is admissible. There is no question that defendant Banks was attempting to free Macomber and himself from the patrol car. And it is reasonable to infer that Banks' consciousness of guilt concerning illegal possession of firearms drove his attempted flight. So the evidence of attempted flight is relevant under Rule 401. *See Johnson*, 535 F.3d at 894.

Banks also argues this evidence is unfairly prejudicial and should be excluded under Rule 403. According to Banks "the Government may argue that

Macomber and/or Banks would have hurt or killed Ofcr. Hudec had they been able to exit the squad car," and would therefore likely "elicit a strong emotional response in the jury." Filing 52 at 5.

Damaging evidence is always prejudicial; the question is whether the evidence is *unfairly* prejudicial. *United States v. Tyerman*, 701 F.3d 552, 563 (8th Cir. 2012); *see* Fed R. Evid. 403. The Court reiterates that the evidence of flight is admissible as to Banks' consciousness of guilt of the crime charged. The defendant's speculation that the government *could* improperly appeal to the jury's emotions is not enough to prove unfair prejudice. Should the government *actually* make such an emotional appeal, Banks can make an objection at trial that would certainly be sustained and the jury instructed in clear terms.

> IT IS ORDERED that Banks' motion in limine (filing 51) is denied without prejudice to the same or similar objections being raised at trial.

Dated this 26th day of February, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge