IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DRAKE L. BANKS, SR.,<br><br>　　　　　Defendant. | 4:19-CR-3116<br><br>MEMORANDUM AND ORDER |

　　　This matter is before the Court on the defendant's oral motion in limine made at the pretrial conference held Monday March 1, 2019 at 8:50 a.m., and at 9:05 a.m. in open court.

### EX. 22B – RULE 401, RULE 403, FOUNDATION

　　　Exhibit 22B is an approximately 15 second video recorded inside a vehicle showing the defendant, Drake Banks and co-defendant Zachary Macomber. Mr. Banks is holding a large lit cigarillo and mouthing along to a song that's playing on the stereo. According to the government, this video was created on September 17, 2019. Banks orally moves in limine to preclude the admission of 22B under Rule 401 and Rule 403, asserting that it is too remote in time to be relevant and is unfairly prejudicial. And Banks intends to object to 22B's admission at the time of trial on the basis of foundation, suggesting no one can establish that the cigarillo Banks is holding contains a controlled substance.

　　　To establish foundation for 22B, the government intends to offer testimony from Officer Hudec that the interior of the vehicle in the video is consistent with the interior of the vehicle Banks was in when stopped and arrested—a vehicle that had only been rented on August 11, 2019. In addition, a bag of marijuana and a smoked blunt were found in that vehicle. And Hudec

will also testify that the item that Banks is holding in exhibit 22B is consistent with the shape and size of marijuana blunts. Finally, Hudec will testify that particles of marijuana and tobacco were found on the center console, the front passenger seat, and the floor of the car near the front passenger seat where Banks is seated in the video and was seated at the time of the stop.

As the Court explained in its previous order (filing 134) the government may demonstrate that Banks was an unlawful user of a controlled substance "during the period of time" that the defendant possessed firearms. *See United States v. Rodriguez,* 711 F.3d 928, 937 (8th Cir. 2013). And this video, where Banks appears to be holding a lit marijuana blunt, was created two days before the traffic stop that led to Banks' arrest. That is certainly "during the period of time" that Banks was also found in possession of several firearms and is therefore relevant and highly probative of Banks' status as an unlawful user of controlled substance around the time of his arrest.

In addition, the probative value is not outweighed by *unfair* prejudice to Mr. Banks. Damaging evidence is always prejudicial; the question is whether the evidence is unfairly prejudicial. *United States v. Tyerman,* 701 F.3d 552, 563 (8th Cir. 2012). Unfair prejudice means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. *United States v. Watson,* 895 F.3d 589, 594 (8th Cir. 2018). Exhibit 22B does not unfairly encourage the jury to make a decision on an improper or emotional basis.

In sum, Banks motion in limine as to Exhibit 22B under rules 401 and 403 will be denied. The Court will require the government to establish the necessary foundation for this exhibit at trial, through testimony of Officer Hudec or other means. Banks may object should he believe that the government has failed in that regard and the Court will rule on the objection at that time. He may also argue, for instance, that the substance Banks was smoking might

not have been marijuana—but given the government's foundation suggesting it was, Banks' argument would go to the weight and not the admissibility of the evidence.

### EXHIBITS 22C & 22D – RULE 401, RULE 403, FOUNDATION

Exhibits 22B and 22C appear to be, as the defendant acknowledges, videos captured close in time to one another. 22B is an approximately 15 second video recorded inside a vehicle showing Banks and Macomber. Macomber points a gun at the camera and says "big Glock 45 hoe." Banks then reaches for something in his lap outside of view and says "big Glocks, big Glocks." 22C is an approximately 12 second video inside a vehicle showing Banks and Macomber. Banks is holding a gun and points it at the video and says "tik-tok tik-tok bitch."

According to the government, these videos were both created on September 4, 2019—about two weeks before the traffic stop in this case. At the time of Banks' arrest, four Glock handguns were among the firearms found in the trunk of the vehicle. And that vehicle was rented on August 11, 2019. Banks orally moves in limine to preclude the admission of 22C and 22D under Rule 401 and Rule 403, asserting that they are too remote in time to be relevant and are unfairly prejudicial. Banks also intends to object on foundation and Rule 403 if the government cannot produce evidence tying the guns in the video to the guns found during the traffic stop.

Under Rule 401, the standard of relevancy is low. *United States v. Oldrock*, 867 F.3d 934, 940 (8th Cir. 2017). If there is any tendency that evidence will make a consequential fact more or less probable, the evidence should be admitted. Fed. R. Evid. 401; *id.* There is no question that exhibits 22B and 22C pass muster under Rule 401 and are probative to defendant's knowledge and possession of the firearms that were found in the trunk of the rental vehicle.

In addition, the videos are not excludable under Rule 403. The vehicle Banks and Macomber used to transport firearms was rented on August 11, 2019. The videos in exhibits 22C and 22D were created on September 4, 2019—after the car was rented and only two weeks before Banks was arrested. In addition, the guns in the videos appear to be Glock handguns, four of which were found in the trunk of the vehicle on September 19. Regardless of whether the guns in the video are in fact the same guns, exhibits 22C and 22D are highly probative of Banks' knowledge and possession of handguns. And that probative value is not outweighed by the danger of misleading the jury, confusing the issues or unfairly prejudicing Mr. Banks. *See* Fed. R. Evid. 403. Accordingly, Banks' motion in limine as to exhibits 22C and 22D under rules 401 and 403 will be denied.

Banks is welcome to object to these exhibits for lack of foundation at the time of trial. But to be clear, the government need not prove that the guns in exhibits 22B and 22C are the same guns eventually found in the trunk of the vehicle on September 19, 2019, because the exhibits' relevance does not hinge on that fact.

### Exhibits 25A1 & 25A2 – Rule 401, Rule 403

Exhibits 25A1 and 25A2 are both photographs of what appears to be large quantities of marijuana. According to the cell phone extraction report from Banks' phone (exhibit 25A), exhibit 25A1 was taken on September 1, 2019 and 25A2 was taken on July 19, 2019. Banks orally moves in limine to preclude the admission of 25A1 and 25A2 under Rules 401 and 403, because they are too remote in time to be relevant and are unfairly prejudicial.

As previously explained, the government may properly admit evidence that Banks was an unlawful user of a controlled substance "during the period of time" he possessed firearms. *Rodriguez*, 711 F.3d at 937. And evidence of recent use or possession of a controlled substance or a pattern of use or possession that

reasonably covers the relevant time period is generally admissible. *See United States v. Turnbull,* 349 F. 3d 558, 561-62 (8th Cir. 2003); 27 C.F.R. § 478.11.

The Court concludes that the photographs in exhibits 25A1 and 25A2 are admissible. The photos were extracted from Banks' cell phone, so they certainly have some tendency to prove that Banks was in possession of the large quantities of marijuana on the dates the photos were taken. In addition, the photos are not so remote in time as to confuse the issues or mislead the jury. The photo in exhibit 25A1 was taken only 18 days before Banks' arrest. And the vehicle involved in this case was rented on August 11, 2019. The photo in exhibit 25A2 was taken on July 19, 2019, two months before Banks' arrest. Two months is more remote, but not so much so as to be irrelevant. Rather, exhibit 25A2 has some tendency to prove a pattern of possession of marijuana close-in-time to his possession of firearms. *See Turnbull,* 349 F.3d at 561. So the Court concludes that exhibits 25A1 and 25A2 are not too remote in time as to confuse the issues, mislead the jury, or unfairly prejudice Mr. Banks. Accordingly, Banks' motion in limine as to exhibits 25A1 and 25A2 will be denied.

IT IS ORDERED that Banks oral motion in limine as to Exhibits 22B, 22C, 22D, 25A1 and 25A2 is denied without prejudice to objections being raised at trial.

Dated this 1st day of March, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge