IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3116 |
| vs. | ORDER |
| DRAKE L. BANKS SR., | |
| Defendant. | |

The defendant objects to the presentence report's assessment of a 2-level increase in the offense level pursuant to U.S.S.G. § 2K2.1(b)(1)(A) based on the finding that 3 to 7 firearms were involved in the defendant's offense. Filing 160. Based on the evidence adduced at trial, the Court agrees with the presentence report and will overrule the defendant's objection.

The trial evidence, briefly summarized, established that the defendant was the front-seat passenger in a vehicle that, after a traffic stop, was found to have seven firearms in the trunk. But the defendant argues that his DNA was only found on two of the pistols, and he was only seen holding one pistol in a video. Filing 161 at 3. So, he suggests that the other weapons belonged to the driver of the vehicle, his codefendant, and he was only shown to have possessed one or two of them. Filing 161 at 4.

But a defendant's possession of a firearm for purposes of § 2K2.1(b)(1) need not be actual or exclusive: rather, it "may be actual or constructive, sole or joint." *United States v. Vega*, 720 F.3d 1002, 1003 (8th Cir. 2013); *accord United States v. Caudle*, 968 F.3d 916, 920 (8th Cir. 2020); *United States v. Goldsberry*, 888 F.3d 941, 943 (8th Cir. 2018). Constructive possession is established if the person has dominion over the premises where the firearm is

located, or control, ownership, or dominion over the firearm itself. *Caudle,* 968 F.3d at 920; *see United States v. Miller,* 560 F.3d 751, 753 (8th Cir. 2009). "Stated differently, constructive possession requires knowledge of an object, the ability to control it, and the intent to do so." *Caudle,* 968 F.3d at 920. The circumstances must show a sufficient nexus between the defendant and the firearm, and the Court may infer the defendant had control of the firearm based on all the circumstances. *See id.*[1]

The circumstances here show, at least, joint constructive possession of all the weapons. The vehicle in which the weapons were found had been rented a month earlier, and the evidence shows that both defendants had been traveling in it. The defendant—by his own admission—posed for a video with at least one of the guns, and if nothing else demonstrated that he knew about the rest by his conduct after the traffic stop. And in the absence of any evidence for another purpose of their trip around the country, the Court certainly infers that the trunk full of weapons was central to the reason for the defendants' travel together. In sum, the evidence shows that the defendants jointly and constructively possessed the rental vehicle in which they traveled together for

---

[1] The government also suggests that the defendant can be held responsible for the reasonably foreseeable actions of his codefendant. Filing 163 at 5-6. But that's only true for jointly undertaken criminal activity. *See* U.S.S.G. § 1B1.3(a)(1)(B); *see also* § 2K2.1 cmt. n.13; *United States v. Willett,* 623 F.3d 546, 548-49 (8th Cir. 2010). So, for instance, if the evidence showed that the defendants were engaged in a conspiracy, one defendant's foreseeable possession of firearms might be relevant conduct as to other defendants. *See United States v. Whiting,* 522 F.3d 845, 851 (8th Cir. 2008); *see also Vega,* 720 F.3d at 1003-04. But in this case, there's no evidence of a conspiracy—the only criminal activity identified is unlawful possession of firearms, which means the Court would need to find that the defendants jointly possessed the firearms as a *predicate* to finding that the co-defendant's possession was relevant conduct. "Reasonable foreseeability is thus immaterial to the analysis." *Willett,* 623 F.3d at 549.

several weeks, and that they jointly and constructively possessed all the weapons carried in the trunk of that vehicle.

For the § 2K2.1(b)(1) enhancement to be applied, the government has the burden to show by a preponderance of the evidence that the defendant constructively possessed at least 3 firearms. *See Caudle*, 968 F.3d at 920. The Court finds that the trial evidence carries that burden. Accordingly,

> IT IS ORDERED that the defendant's objection (filing 160) is overruled.

Dated this 23rd day of June, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge